**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JAMES W. MYART, JR., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-14-CV-831-XR |
| | § | |
| JACQUELINE PARKER GLOSSON, | § | |
| EDWIN NORMAN GLOSSON, AND | § | |
| SPECIALIZED LOAN SERVICING, LLC, | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| | § | |

**ORDER**

On this day the Court considered Plaintiff's motion for leave to file his third amended complaint.  Docket no. 11.  For the following reasons, the motion is GRANTED in part and DENIED in part.

**I.     Background**

Plaintiff James Myart filed his original petition *pro se* in the 438th Judicial District of Bexar County, Texas against Jacqueline Parker Glosson, his ex-wife, Edwin Norman Glosson, her current husband, and Specialized Loan Servicing, LLC, (SLS) a mortgage servicer, on August 28, 2014.  Myart filed his first amended petition in state court on September 4, 2014 and the second amended petition in state court on September 11, 2014.  Docket no. 1-4.  Defendant SLS removed the case to federal court pursuant to 28 U.S.C. § 1441 based on federal question jurisdiction on September 17, 2014.  Docket no. 1.

Myart's petition is mostly about an alleged fraud and theft perpetrated on him by Ms. Glosson. Myart alleges Ms. Glosson conspired with her new husband to deceive Myart into giving Ms. Glosson the property located 306 Preston Avenue, San Antonio, Texas (the "Property") by promising Ms. Glosson would reunite with Myart romantically. Myart alleges he gave Ms. Glosson the deed to the Property in 2009, and then she promptly evicted him from the Property and moved Mr. Glosson in. The Glossons have since prevented Myart from entering the Property and have allegedly withheld certain personal items from him.

Myart and Jacqueline Glosson executed a Note and Deed of Trust associated with the Property in 1988, and that loan was modified in 1994. SLS is the holder of that loan. Myart further alleges that Jacqueline Glosson entered a loan re-modification with SLS relating to the mortgage in July 2014 after a six month application process. Myart states that he never signed the modification; but that the Glossons forged his signature and SLS negligently or intentionally failed to validate his signature or take other steps to confirm he agreed to the modification. Myart alleges the modification was improper as it increased his and Ms. Glosson's obligations on the loan by approximately $65,000, despite a previous balance of approximately $32,000 in May 2009. Myart claims SLS conducted predatory lending practices forbidden by "state and federal law," and "violated provisions of the Equal Credit Opportunity Act," 15 U.S.C. § 1691, *et seq.* (the "ECOA") by discriminating against Ms. Glosson and Myart based their respective genders and because they are African-American.

The second amended complaint, construed liberally, states seven causes of action against Defendant SLS: 1) negligence, 2) fraud, 3) predatory lending, 4) breach of contract, 5) consumer mortgage fraud or "predatory mortgage lending," 6) violations of the ECOA, and 7) racial and sexual discrimination.

Myart first filed his third amended complaint on September 22, 2014.[1]  Myart did not seek leave of court or consent from Defendants to file the amended complaint as prescribed in Federal Rule of Civil Procedure 15(a)(2).  SLS filed a motion to strike the third amended complaint (docket no. 8), but the Court struck that third amended complaint from the docket for failing to seek leave of court before the motion to strike was filed.  Docket no. 6.  Myart then filed an opposed motion for leave to file a third amended complaint on October 14, 2014.  No Defendant has filed a response to the motion for leave but SLS opposes the motion.

## II.   Jurisdiction

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1441.  *See* 28 U.S.C. § 1441(a) (providing that a civil action brought in state court can be removed to federal court "if the district courts of the United States have original jurisdiction" over the action).  Myart states a claim in the second amended complaint against Defendant SLS that arises under the EOCA, a federal statute.  *See* 15 U.S.C. § 1691, *et seq.*  This Court has original jurisdiction over cases that arise under the laws of the United States, so the case is removable.

## III.   Analysis

Because Defendant SLS opposes the amendment, Myart may amend his complaint only by leave of Court.  Although leave to amend pleadings "shall be freely given when justice so requires," FED. R. CIV. P. 15(a)(2), leave to amend is not automatic, *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991).  The decision to grant or deny a motion to amend is within the discretion of the trial court.  *Id.*  In exercising its discretion, the court considers such factors as 1) undue delay, 2) bad faith or dilatory motive on the part of the movant, 3) repeated failure to cure deficiencies by amendments previously allowed, 4) undue

---

[1] The first amendment filed in federal court.

prejudice to the nonmovant, and 5) futility of amendment. *Wimm v. Jack Eckerd Corp*., 3 F.3d 137, 139 (5th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)). Rule 15 also allows for the addition of new plaintiffs. *See Dayton Indep. Sch. Dist. v. U.S. Mineral Products Co.*, 906 F.2d 1059, 1062 (5th Cir. 1990); *In re Norplant Contraceptive Products Liab. Litig*., 898 F. Supp. 429, 432 (E.D. Tex. 1995).

A proposed amendment to a complaint is futile if the amended complaint could not survive a Rule 12(b)(6) motion to dismiss. FED. R. CIV. P. 15(a)(2); *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014); *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (collecting cases). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to the relief." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez–Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

A complaint filed *pro se* is 'to be liberally construed' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (quoting

*Estelle v. Gamble*, 429 U.S. 97, 105, 97 S. Ct. 285 (1976)). It should be noted, however, in this case Myart is a law school graduate.

Here, Myart's proposed third amended complaint mostly clarifies facts and causes of action asserted against the Defendants, including SLS, bringing the complaint more in line with the federal pleading standards. SLS admitted as much in their previous motion to strike the third amended complaint. Accordingly, the Court grants leave to amend with regard to paragraphs 1-30, 32-33, and 35-44. Paragraphs 31 and 34 require more attention.

### A. Paragraph 31: Breach of Fiduciary Duty

Paragraph 31 of the third amended complaint asserts in full:

> "[SLS] further violated its fiduciary duty to Plaintiff by allowing the loan to be re-modified without his consent and for not, as a matter of policy and law, requiring any and all signatures consenting to such a loan to be verified by a State of Texas notary public. [SLS] cannot now claim its' innocent reliance on a document presented to it as authentic and with true signatures on which to approve such a loan."

Docket no. 11-1 at 8. Myart is alleging SLS breached its fiduciary duty to him, presumably stemming from the parties' lender-borrower relationship. Under Texas law, a breach of fiduciary cause of action includes three elements: "(1) a fiduciary relationship must exist between the plaintiff and the defendant, (2) the defendant must have breached its fiduciary duty to the plaintiff, and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant." *Esty v. Beal Bank S.S.B.*, 298 S.W.3d 280, 303 (Tex. App.—Dallas 2009, no pet.) (citing *Johnson v. Brewer & Pritchard, P.C.,* 73 S.W.3d 193, 200–01 (Tex. 2002)). In Texas, fiduciary relationships come from formal relationships, like attorney-client or principal-agent, or special informal relationships with extraordinary circumstances. *Esty*, 298 S.W.3d at 303. Lenders owe no fiduciary duty to borrowers except in extraordinary circumstances like excessive

control over borrower by the lender. *Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 675 (Tex. App.—Houston [1st Dist.] 1996, no writ); *In re Absolute Res. Corp.*, 76 F. Supp. 2d 723, 734 (N.D. Tex. 1999).

Myart's proposed paragraph 31 is futile because he fails to properly state a claim for breach of fiduciary duty. Myart cannot show a fiduciary relationship with SLS because Texas law does not recognize a fiduciary relationship between lender and borrower except in extraordinary circumstances, and he fails to allege any extraordinary circumstances. *See Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 193 (S.D. Tex. 2007) aff'd, 269 F. App'x 523 (5th Cir. 2008). Leave to amend is therefore denied with respect to paragraph 31 and the breach of fiduciary duty claim because the amendment is futile.

### B. Paragraph 34: Class Action

In their previous motion to strike the third amended complaint, SLS specifically objected to the addition of paragraph 34's new class-action assertions. SLS argued the class-action allegations are inappropriate and their inclusion would not serve justice. Paragraph 34 of the third amended complaint reads, in full:

> "Plaintiff asserts that there are literally thousands of Mortgagees of [SLS] that have suffered the exact illegal activities of [SLS, as Myart has], including but not limited to predatory mortgage lending and servicing and that there are as many African American males who have suffered violations by [SLS] in violation of the Equal Credit Opportunity Act of 1972, 15 U.S.C. § 1691, all of which may result in the filing of a federal Class Action lawsuit, pursuant to Rule 23, Federal Rules of Civil Procedure. Texas law provides for home Equity Constitutional Protections against all complained of acts by [SLS]. Texas Constitution."

Docket no. 11-1 at 8.

As a preliminary matter, the Court finds that the addition of Paragraph 34 and the class action allegations would not cause undue delay, are not taken in bad faith or with dilatory

motive, and do not come after repeated failure to cure deficiencies from previous amendments, as this would be Myart's first amendment to the complaint after the case was removed to federal court. *See Halbert v. City of Sherman, Tex.*, 33 F.3d 526, 529-30 (5th Cir. 1994).

### i.     Undue Prejudice

The new class action assertions in Paragraph 34 are potentially prejudicial to SLS. A court should deny leave to amend if the amendment would cause undue prejudice to the non-moving party. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). The proposed amendment is unduly prejudicial if "an added claim would require the defendant 'to reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court." *Id.* at 596 (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)) (alterations original). The addition of class-action claims in an amended complaint can be unduly prejudicial to a defendant if it forces a defendant to prepare an entirely different defense than the one it had prepared based on the original pleading. *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 123 (W.D. Pa. 2010) (finding permitting leave to file an amended complaint "would transform this litigation from a straightforward individual action brought by two plaintiffs into a complex class action involving potentially hundreds or thousands of plaintiffs."); *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 398 (E.D. N.Y. 1998). However, to be prejudicial enough for a court to deny an amendment adding a class action, the prejudiced defendants must have expended considerable resources preparing and defending the individual claims, be facing significant additional costs if the amendment is granted, and suffer some other harm from the passage of time between the original complaint and the proposed amendment. *See Graham*, 271 F.R.D at 123-24; *EMC Corp.*, 393 F.3d at 596.

A class action here would change this litigation from an individual claim to a class-action with potentially "thousands" of new plaintiffs. Yet, the amendment has been offered early in the case so SLS will not have suffered harm from the minimal passage of time and could not have already incurred considerable cost preparing a defense to the individual claim before the opening of discovery. The Court therefore sees no undue prejudice to SLS if it permits Myart leave to file his third amended complaint.

### ii.    Futility

The Court should deny leave to file Paragraph 34 of the third amended complaint if the paragraph and its class-action allegations are futile. A proposed amendment is futile if it would not survive a Rule 12(b)(6) motion to dismiss or a Rule 12(f) motion to strike. FED. R. CIV. P. 15(a)(2). Rule 12(f) permits the court to strike "from any pleading any . . . redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f); *Joe Hand Promotions, Inc. v. HRA Zone, L.L.C.*, No. A-13-CA-359 LY, 2013 WL 5707810, at *1 (W.D. Tex. Oct. 18, 2013). Allegations should not be stricken if they are "directly relevant to the controversy at issue and are minimally supported by the record." *United States v. Coney*, 689 F.3d 365, 380 (5th Cir. 2012)

However, class-action claims can be dismissed pursuant to Rule 12(b)(6) or Rule 12(f) motions if it is apparent from the pleadings the plaintiff does not properly state a class-action claim. *See Gen Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 160, 102 S. Ct. 2364 (1982) (holding courts may dismiss class action language before a Rule 23 motion if "the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claims."); *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007) ("[W]here it is facially apparent from the pleadings that there is no

ascertainable class, a district court may dismiss the class allegation on the pleadings."). Courts have cited *Falcon* and *John* to strike or dismiss class-action allegations from a complaint when the pleadings clearly fail to allege facts to support the minimum requirements of Rule 23. *See, e.g. Murphy v. Directv, Inc.*, No. 2:07-CV-06465-JHN, 2011 WL 3328393, at *2 (C.D. Cal. Feb. 11, 2011) ("[A] court may grant a motion to strike class allegations if it is clear from the complaint that the class claims cannot be maintained."); *Riley v. Compucom Sys., Inc.*, No. CIV.A398CV1876L, 2000 WL 343189, at *2-*3 (N.D. Tex. Mar. 31, 2000) (striking language in a complaint because the plaintiff did not plead facts to plausibly support he would meet any of the Rule 23 criteria); *see also Stubbs v. McDonald's Corp.*, 224 F.R.D. 668, 674 (D. Kan. 2004); *Mauro v. Gen. Motors Corp.*, No. CIV.S-07-892FCD GGH, 2008 WL 2775004, at *5 (E.D. Cal. July 15, 2008); *Glewwe v. Eastman Kodak Co.*, No. 05-CV-6462T, 2006 WL 1455476, at *2 (W.D. N.Y. May 25, 2006).

Federal Rule of Civil Procedure 23 requires four elements for class certification: "(1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and 4) the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a); *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1191 (2013). In addition to meeting the requirements in Rule 23(a), a potential class action plaintiff must meet one of the three criteria in Rule 23(b).

The Court reiterates that it is determining the futility of Myart's amended Paragraph 34 in the third amended complaint. No Rule 12(b)(6) or Rule 12(f) motions have been filed. Here, because Myart does nothing more in Paragraph 34 than state there are "literally thousands" of potential like plaintiffs of the same race and sex as him who suffered from "the exact illegal

activities" committed by SLS, he has not stated even minimal facts in the pleadings to show the absent parties are fairly encompassed in his claims.  *See Falcon*, 457 U.S. at 160; *Coney*, 689 F.3d at 380.   He does not allege any facts that demonstrate that there are questions of law or fact common to the class.  Nor does he plead any facts that demonstrate that his claims are similar to claims any class members may have.

The third amended complaint contains no allegations relating to whether Myart will "fairly and adequately protect the interests of the class," whether his claims will be typical of the class, or even who will constitute the class beyond statements about his race and interactions with SLS.  Myart has alleged a unique factual scenario. He alleges he never signed the loan modification and was the victim of an elaborate scheme that SLS participated in by being fraudulent or negligent, where his ex-wife and her husband conspired to take his property and forge his signature on a loan modification.  These allegations are in addition to SLS allegedly preying upon Myart and his ex-wife because of their race and sex by using unfair and fraudulent lending practices.  Given this scenario as alleged, Myart would not share questions of law and fact with others.  *See Riley v. Compucom Sys., Inc*., No. CIV.A398CV1876L, 2000 WL 343189, at *2 (N.D. Tex. Mar. 31, 2000) (Class actions are appropriate "where the issues in the case turn on questions of law or fact 'applicable in the same manner to each member of the class.'") (quoting *Falcon*, 457 U.S. at 160).  Thus, a class action "is not an economical or efficient way of processing" Myart's claims against SLS as currently pled.  *Trevino v. Holly Sugar Corp.*, 811 F.2d 896, 905 (5th Cir. 1987).  Paragraph 34 is purely conclusory and does not assert enough facts about other potential members of the class or Myart's suitability as their representative to raise it above the speculative level, *Twombly*, 550 U.S. at 555 (2007), even construed liberally and viewed less stringently as a *pro se* complaint, *Erickson v. Pardus*, 551 U.S. at 94.  Myart

fails to allege facts to show the absent potential class-members are fairly encompassed in his claims.

In addition, it is apparent from the third amended complaint that the class is not ascertainable because it is unclear what Myart means by "exact illegal activities" in Paragraph 34. He could mean all seven causes of action asserted against SLS. He may mean all his "state and federal law" claims. He may mean something else. Because Myart specifically mentions the ECOA violation and predatory mortgage lending in Paragraph 34, the Court construes "exact same illegal activities . . . including but not limited to" to mean Myart intends to include more causes of action as the class representative than just the ECOA and predatory lending claims. Any other reading renders the "exact illegal activities" language superfluous. Beyond that, however, the Court is unable to ascertain what claims Myart plans to assert as a class representative and has no information to begin imagining what the class might look like, even construing the language liberally. It is therefore apparent from the pleadings that the class is unascertainable. *See John*, 501 F.3d at 445.

Lastly, given the focus of the first three petitions, the third amended complaint, and the unique alleged fact scenario in this case, the class-action allegations against SLS as currently stated are not directly related to this controversy, which heavily involves the Glossons' alleged scheme and SLS's participation in it, or supported by minimal alleged facts. *Coney*, 689 F.3d at 380.

Paragraph 34 is a futile amendment and leave to add it would not be in the interest of justice. Therefore, leave to amend with regard to Paragraph 34 and the class action allegations is denied.

### IV.    Conclusion

For the reasons stated above, Plaintiff's motion for leave to amend is GRANTED in part and DENIED in part.  Leave is denied with respect to Paragraph 31, the breach of fiduciary duty claim, and Paragraph 34, the class action claims.  Paragraphs 31 and 34 are stricken from the third amended complaint and leave is granted for all other paragraphs.  Plaintiff should delete these two paragraphs and within 14 days may file the revised document as Plaintiff's Third Amended Complaint.

It is so ORDERED.

SIGNED this 20th day of November, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE