IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JAMES W. MYART, JR.,                        §
                                            §
        *Plaintiff,*                        §
                                            §
v.                                          §        Civil Action No.  SA-14-CV-831-XR
                                            §
JACQUELINE PARKER GLOSSON,                  §
EDWIN NORMAN GLOSSON, AND                   §
SPECIALIZED LOAN SERVICING, LLC,            §
                                            §
        *Defendants.*                       §

DISMISSAL ORDER

Plaintiff James Myart filed his original petition *pro se* in the 438th Judicial District of

Bexar County, Texas against Jacqueline Parker Glosson, his ex-wife, Edwin Norman Glosson,

her current husband, and Specialized Loan Servicing, LLC, (SLS) a mortgage servicer, on

August 28, 2014.  Myart filed his first amended petition in state court on September 4, 2014 and

the second amended petition in state court on September 11, 2014.  Docket no. 1-4.  Defendant

SLS removed the case to federal court pursuant to 28 U.S.C. § 1441 based on federal question

jurisdiction on September 17, 2014.  Docket no. 1.  The Court granted Myart leave to file a third

amended complaint on November 20, 2014.  Docket no. 12.  Myart moved for a declaratory

judgment and immediate hearing on December 1, 2014, which the Court denied pursuant to

Federal Rule of Civil Procedure 57.

On March 30, 2015, SLS filed a motion to compel discovery responses against Myart,

(docket no. 34), which the Magistrate Judge granted in part and denied in part after Myart did not

respond to the motion.  The Magistrate Judge ordered Myart to comply with written discovery

requests on or before April 23, 2015.  Docket no. 35.   When Myart did not comply, SLS filed a motion for contempt and for entry of an order to show cause.  Docket no. 36.  Myart did not respond to that motion to contempt, either.

On May 11, 2015, the Magistrate Judge issued a Report and Recommendations, recommending SLS's motion for sanctions be denied, but ordering Myart to show cause as to why his third amended complaint should not be "dismissed with prejudice based on [his] failure to timely prosecute his case pursuant to Federal Rule of Civil Procedure 41."  Docket no. 40 at 10.  In her report, the Magistrate Judge explained that "on April 27, 2015, Mr. Myart filed another lawsuit in this Court—a petition for writ of habeas corpus—which, among other things, represents that Myart is residing in the Bexar County Adult Detention Center as a pretrial detainee."  *Id*. at 8.  Concluding that Myart may not have been receiving service while in jail, the Magistrate Judge ordered that her report and other documents be sent to Myart's listed address and to him in jail.  The Magistrate Judge determined she could not sanction Myart when he may not have been aware SLS had sent him discovery or of the prior orders.  *Id*.  at 8-10.

The Clerk sent the Magistrate Judge's Report and Recommendations to Myart on May 12, 2015.  It was received on May 18, 2015.  Docket no. 44.  Myart had 14 days to respond to the magistrate Judge's show cause order.  He has again failed to respond.

Neither Myart nor SLS objected to the Magistrate Judge's Report and Recommendations. When a party objects to the Magistrate Judge's memorandum and recommendation, the Court is required to conduct a *de novo* review.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  However, when no objections are filed, the Court reviews the recommendation for clear error or findings contrary to law. *United States v.*

*Wilson*, 864 F.2d 1219, 1221 (5th Cir.) *cert. denied*, 492 U.S. 918 (1989).  The Magistrate Judge's recommendation was mailed by certified mail on May 12, 2014.  No objections have been filed in this case and the time for doing so has expired.  Therefore, the Court reviews the recommendation for clear error.

The Court has reviewed the Report and Recommendations and finds that it is neither clearly erroneous nor contrary to law regarding the motion for sanctions against Myart.  *See Wilson,* 864 F.2d at 1221.    Therefore, the Court will adopt the Magistrate Judge's recommendation to deny the motion for sanctions (docket no. 36).

Next, Federal Rule of Civil Procedure 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."  FED. R. CIV. P. 41(b).  A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  The Court's authority to dismiss a case for failure to prosecute is based on the Court's inherent authority to manage and administer its own affairs to ensure the orderly and expeditious disposition of cases.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).  Myart failed to respond to the Magistrate Judge's order as directed.

A court should dismiss a complaint for want of prosecution with prejudice only when there is a "clear record of delay or contumacious conduct by the plaintiff . . . and when lesser sanctions would not serve the best interests of justice." *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) (internal quotation marks omitted).  "Aggravating factors" needed for a court to enter a dismissal for want of prosecution with prejudice include: "(1) delay attributable directly to the plaintiff, rather than his attorney; (2) actual prejudice to the

3

defendant; and (3) delay caused by intentional conduct . . . [T]he sanction of dismissal with prejudice is reserved for the most egregious circumstances." *Id*.

Myart has failed to respond to the Magistrate Judge's order to show cause. He failed to respond to discovery, motions, and a previous court order. However, the Court cannot find there is a sufficient record of delay or contumacious conduct by Myart to dismiss the third amended complaint with prejudice. The Fifth Circuit's aggravating factors are also absent here. Myart is incarcerated, and though he failed to inform the Court that his address changed, that is hardly a reason to dismiss the case with prejudice, which is an "extreme sanction that deprives a litigant of the opportunity to pursue his claim," and saved for the most egregious circumstances. *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556 (5th Cir. 1981) (quoting *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980)).

Accordingly, the Court finds that this case should be DISMISSED WITHOUT PREJUDICE for failure to prosecute and for failure to comply with an order of this Court. As stated above, the Court also ADOPTS the Magistrate Judge's recommendation and DENIES the motion for sanctions (docket no. 36).

It is so ORDERED.

SIGNED this 4th day of June, 2015.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE